UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. NO. 3:18CR115(JAM) |
| v. | |
| MICHAEL WORTHINGTON | January 10, 2020 |

GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States respectfully submits this memorandum for the sentencing of the defendant Michael Worthington currently scheduled for January 17, 2020.

I.  INTRODUCTION AND BACKGROUND

On July 3, 2018, the defendant pled guilty to one count of bank robbery in violation of 18 U.S.C. Sections 2113(a) and 2.

II.  FACTS AND CIRCUMSTANCES OF DEFENDANTS' CONDUCT

The defendant faces 20 years' imprisonment, three years of supervised release, a fine, an order of restitution and a mandatory $100 special assessment.   As set forth in the presentence report ("PSR"), the defendant's total offense level is 19 and his imprisonment range is 63 to 78 months.   The government agrees with the offense conduct outlined in paragraphs 7-8 of the PSR.

III. Discussion

    A. Determining an Appropriate Sentence Post-Booker

Although the Sentencing Guidelines are no longer mandatory, they must be considered by the Court along with the other factors listed in 18 U.S.C. § 3553(a).   *United States v. Booker*, 543 U.S. 220, 260-61 (2005); *United States v. Crosby*, 397 F.3d 103, 110 (2d Cir. 2005); *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007)("district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process"). Ultimately, a

district court's sentence is reviewed for reasonableness. *Booker*, 543 U.S. at 260-61; *Crosby*, 397 F.3d at 114-15. Reasonableness is a flexible concept and district courts are given latitude in their exercise of discretion to fashion an appropriate sentence, even a non-Guidelines sentence. *See United States v. Jones*, 460 F.3d 191 (2d Cir. 2006).

The Second Circuit has instructed district judges to consider the Guidelines "faithfully" when sentencing. *Crosby*, 397 F.3d at 114.   The fact that the Sentencing Guidelines are no longer mandatory does not reduce them to "a body of casual advice, to be consulted or overlooked at the whim of a sentencing judge." *Crosby*, 397 F.3d at 113. Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall*, 552 U.S. at 46, district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id.* at 49; *Kimbrough v. United States*, 552 U.S. 85, 107 (2007). The Second Circuit has "recognize[d] that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006); *see also Kimbrough*, 552 U.S. at 89 ("We have accordingly recognized that, in the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'") (*quoting Rita v. United States*, 551 U.S. 338, 350 (2007)).

In this case, the sentence should reflect the considered judgment of the Sentencing Commission, "an expert agency whose statutory charge mirrors the § 3553(a) factors that the district courts are required to consider," *United States v. Rattoballi*, 452 F.3d 127, 133 (2d Cir.

2006), and is "based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall*, 552 U.S. at 46.

    B.   <u>The Section 3553 Factors</u>

Under 18 U.S.C. § 3553(a), the sentencing "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The statute then provides that "[t]he court, in determining the particular sentence to be imposed, shall consider:"

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established [in the Sentencing Guidelines];

(5) any pertinent policy statement [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)     the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The defendant's criminal conduct in this matter involves a very serious offense, which weighed in view of the factors set forth in § 3553(a), support a sentence consistent with the section 3553 factors. *See* 18 U.S.C. § 3553(a)(4) (Court shall consider the sentence applicable under the Guidelines). As explained below, the § 3553(a) factors justify a sentence commensurate with the criminal conduct engaged in by the defendant as well as the efforts taken by him to ensure that such conduct never occurs again.

In this case, the most significant § 3553(a) factors are the seriousness of the offense conduct, the personal characteristics of the defendant, the need for both specific and general deterrence and to provide the defendant with needed educational or vocational training, medical care and/or other correctional treatment.

As the offense conduct outlined in the PSR establishes, the defendant knowingly participated in a bank robbery, which is a very serious offense. As such, the sentence imposed by the Court should reflect the seriousness of the offense, promote respect for the law and provide just punishment.

Moreover, the defendant has an extensive criminal history and thus, specific deterrence is an issue in this case, and the Court's sentence should send a message that the defendant's decision to engage in these criminal offenses carries, and will continue to carry, very significant consequences. Another key factor in this case is general deterrence. The sentence here will have an impact on other individuals who are faced with a similar decision of whether or not to

engage in criminal activity. A sentence that does not account for general deterrence sends the wrong message. As such, the sentence in this case should deter like-minded individuals and send a strong message that such criminal activity and flagrant disregard of the law will not be tolerated by this Court. *See* 18 U.S.C. § 3553(a)(2)(B).

V.  CONCLUSION

The Government respectfully requests that the Court impose a sentence consistent with the factors outline in section 3553(a).

                Respectfully submitted,

                JOHN H. DURHAM
                UNITED STATES ATTORNEY

                */s/ Douglas P. Morabito*

                DOUGLAS P. MORABITO
                ASSISTANT UNITED STATES ATTORNEY
                Federal Bar No. CT20962
                157 Church Street; 23rd Floor
                New Haven, Connecticut  06510
                (203) 821-3810
                Douglas.morabito@usdoj.gov

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on January 10, 2020 a copy of the foregoing Government's Sentencing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Douglas P. Morabito*

DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY
Federal Bar Number: CT20962
157 Church Street, 23rd Floor
New Haven, CT 06510
(203) 821-3700